THOMAS SIMS (SBN 264174)
*tsims@baronbudd.com*
**BARON & BUDD, P. C.**
3102 Oak Lawn Ave, Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

Attorneys for Plaintiff KARYN JOY GROSSMAN

ALEXANDER G. CALFO (SBN 152891)
*alexander.calfo@btlaw.com*
SARAH E. JOHNSTON (SBN 259504)
*sarah.johnston@btlaw.com*
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California  90067
Telephone:     (310) 284-3880
Facsimile:     (310) 284-3894

JAMES F. MURDICA (Admitted *pro hac vice*)
*jfmurdica@pbwt.com*
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, New York 10036
Telephone:     (212) 336-2921
Facsimile:     (212) 336-2222

Attorneys for Defendants
JOHNSON & JOHNSON; JANSSEN RESEARCH &
DEVELOPMENT, LLC (sued herein as Johnson & Johnson
Pharmaceutical Research & Development, L.L.C.);
JANSSEN PHARMACEUTICALS, INC. (sued herein as
Ortho-McNeil-Janssen Pharmaceuticals, Inc.); and
MCKESSON CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARYN JOY GROSSMAN, | Case No.  3:14-CV-03557-VC |
| Plaintiff, | **STIPULATION AND (~~PROPOSED~~) PROTECTIVE ORDER RE CONFIDENTIAL DISCOVERY MATERIALS AS MODIFIED** |
| v. | |
| JOHNSON & JOHNSON; JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, L.L.C.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; and MCKESSON CORPORATION, | *[Assigned to Hon. Vince Chhabria]* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2          Defendants.

3

4

5          Plaintiff KARYN JOY GROSSMAN and Defendants JOHNSON & JOHNSON;

6    JANSSEN RESEARCH & DEVELOPMENT, LLC (sued herein as Johnson & Johnson

7    Pharmaceutical Research & Development, L.L.C.); JANSSEN PHARMACEUTICALS, INC.

8    (sued herein as Ortho-McNeil-Janssen Pharmaceuticals, Inc.); and MCKESSON

9    CORPORATION (hereafter collectively, "the Parties,"[1]), by and through their respective counsel,

10   have reached the following agreement regarding the discovery of confidential materials in this

11   action:

12          1.      Discovery in this action may involve production of confidential, proprietary, trade

13   secret and other private information for which special protection from public disclosure and from

14   use for any other purpose other than prosecuting this litigation would be warranted;

15          2.      The Parties seek to ensure that the confidentiality of these documents and

16   information remains protected;

17          3.      In order to expedite the flow of discovery material, facilitate the prompt resolution

18   of disputes over confidentiality, adequately protect confidential material, and ensure that

19   protection is afforded only to material so entitled, the Court may enter this Protective Order

20   pursuant to Fed. R. Civ. P. 26(c) and the applicable Civil Local Rules for the United States

21   District Court for the Northern District of California, including without limitation Civil Local

22   Rule 79-5; and

23          4.      The public interest in full and open disclosure of judicial process under Article III

24   of the United States Constitution will not be significantly thwarted by maintaining the

25   confidentiality of this information.

26

27   _____

     [1] As necessary throughout this Order, the term "Party" is used in its singular form to refer to any of the individual
28   parties to this action named above.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -                                   CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

5.      Pursuant to paragraph 15 of the Standing Order for Civil Cases Before Judge Vince Chhabria, the Parties have considered adoption of the Stipulated Protective Order for Standard Litigation in the United States District Court for the Northern District of California. However, the Parties agree that given the anticipated volume of highly confidential, proprietary, trade secret, and other private information to be exchanged during this litigation, the provisions of the following (Proposed) Protective Order appropriately govern discovery in this litigation.

**THEREFORE, IT IS STIPULATED AND AGREED,** by and between the attorneys for the Parties, that the Court enter this Protective Order under Fed. R. Civ. P. 26(c) and Civil L.R. 79-5, and hereby **ORDER** that documents and other information produced in this case by the Parties shall be produced subject to the following:

**I.   SCOPE**

A.      At any time before the production of any documents or information by the Producing Party[2], if warranted under applicable law, the Producing Party may designate such information or documents as Confidential and subject to this Protective Order.  The Court anticipates that before designating documents Confidential pursuant to this Protective Order, the Producing Party shall make a good faith analysis of its document production to determine if such documents merit confidential treatment under applicable law.  This Protective Order does not confer blanket protection to all disclosures, documents, or responses to discovery, and the protection it affords extends only to the specific information or items that are entitled to protection under the applicable legal protections for treatment as confidential.  The Producing Party shall designate those materials as Confidential and subject to this Protective Order by placing the following legend or similar marking on each page of each document copied for, by, or on behalf of the plaintiff or co-defendants in this action: "**CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER**."  The legend shall be placed in a manner which will not in any way interfere with or obliterate its legibility.  Documents or information so designated shall be

---

[2] For purposes of this Order, "Producing Party" shall mean the Party, Parties, Third-Party or Third-Parties responding to any discovery device in this action and/or producing documents/information informally to any other Party or Parties to this action.  "Receiving Party" shall mean the party or parties by whom any such response(s) or production(s) are received.

referred to herein as "Confidential Discovery Material."  Such stamping or marking will take place before production by the Producing Party or subsequent to selection by the Receiving Party for copying.

B.     With the exception of documents or information that have become publicly available without breach of the terms of this Order or any other legal obligation to safeguard and maintain confidentiality, all documents, information, or other discovery materials produced or discovered in this litigation, and that have been designated as "Confidential Discovery Materials" shall be used by the Receiving Party solely for the prosecution or defense of this litigation.

C.     "Confidential Discovery Material" as used herein means any non-public information, document (electronic or hardcopy), or tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof that are properly protected under Fed. R. Civ. P. 26(c) or other applicable law.  Confidential Discovery Material includes information which, if disclosed to a competitor, could result in substantial business harm by revealing current proprietary licensing, marketing, design, development, research, manufacturing or business strategy information regarding products or medicines relating to this lawsuit.  Nothing herein shall be construed to allow for global designations of all documents as "Confidential."

D.     This Protective Order shall apply to and govern all hard copy and electronic or magnetic media, including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, disks, networks, or tapes, Electronically Stored Information ("ESI") and the information contained therein, and all other information produced or disclosed and designated by the Producing Party as Confidential Discovery Material whether or not such documents or information are informally produced or produced in response to formal discovery requests.  The Producing Party may designate as Confidential Discovery Material all information, documents and things subject to discovery in this action as described in Paragraph I(C) above, including without limitation, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, information and documents produced in response to Fact Sheets, answers to Interrogatories

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1   pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from

2   inspection of premises or things pursuant to Rule 34, and answers to requests for admission

3   pursuant to Rule 36. When ESI is produced by a Party in such form and contains Confidential

4   Discovery Material, the Producing Party shall so indicate by labeling the media as follows:

5   "Confidential: Protective Order."  If appropriate, individual documents or pages contained on the

6   media shall be marked in the manner set forth in Paragraph I(A) above.

7        E.     This Protective Order is binding upon the Parties at the time this Protective Order

8   is entered, including their respective corporate parents, subsidiaries and affiliates and their

9   respective attorneys, principals, experts, consultants, representatives, directors, officers,

10  employees, and others as set forth in this Protective Order.  If additional parties are added other

11  than parents, subsidiaries and affiliates of current Parties to this litigation, their ability to receive

12  Confidential Discovery Material as set forth in this Protective Order will be subject to them being

13  bound, by agreement, or Court Order, to this Protective Order.

14       F.     In no event shall any disclosure be made to current attorneys, principals, directors,

15  officers, or employees of any corporate parents, subsidiaries, or affiliates that are competitors of a

16  Party, irrespective of whether they are retained as an expert or consultant for a Party.

17       G.     The entry of this Protective Order does not preclude the Parties from seeking such

18  further provisions enhancing or limiting confidentiality as may be appropriate.

19       H.     With respect to deposition testimony, a designation of confidentiality may be made

20  on the record at the time of a deposition, at which time the testimony and transcript thereof shall

21  be subject to the full protection of this Protective Order.  However, within thirty (30) days after

22  receipt of the final deposition transcript from the court reporter, counsel for the Party asserting

23  confidentiality at the deposition shall state in writing, served on all Parties, by designating the

24  pages and lines of all portions for which confidentiality is claimed.  In the case of testimony not

25  so designated during the course of a deposition, counsel for the Party wishing to assert

26  confidentiality may, at any time within thirty (30) days of receipt of the final deposition transcript

27  from the court reporter, notify the Parties and court reporter in writing, by designating by pages

28  and lines of all portions for which confidentiality is claimed, in which case those portions of the

CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1   testimony and transcript thereof shall be subject to the full protection of this Protective Order.

2   During the thirty (30) day period, the testimony will be treated as though it had been designated

3   as confidential pursuant to the terms of this Protective Order.  If the Producing Party does not

4   serve a designation letter within the thirty (30) day period, then the entire transcript will be

5   deemed not to contain any Confidential Discovery Material.

6          I.       Nothing herein shall be construed to affect in any manner the admissibility at trial

7   or in any other Court proceeding of any document, testimony or other evidence.  Use of

8   Confidential Discovery Material subject to this Protective Order at trial will be determined by

9   relevant law and order of the Court.

10  **II.    FILING OF CONFIDENTIAL DISCOVERY MATERIAL WITH THE COURT**

11         Without written permission from the Producing Party or a court order secured after

12  appropriate notice to all interested persons, a Party may not file in the public record in this action

13  any Confidential Discovery Material. A Party that seeks to file under seal any Confidential

14  Discovery Material must comply with Civil Local Rule 79-5. Confidential Discovery Material

15  may only be filed under seal pursuant to a court order authorizing the sealing of the specific

16  Confidential Discovery Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will

17  issue only upon a request establishing that the Confidential Discovery Material at issue is

18  privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a

19  Receiving Party's request to file Confidential Discovery Material under seal pursuant to Civil

20  Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in

21  the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

22  **III.   REDACTIONS**

23         A.       To protect against unauthorized disclosure of Confidential Discovery Material, and

24  to comply with all applicable state and federal laws and regulations, the Producing Party may

25  redact from produced documents, materials and other things, the following items or any other

26  item(s) protected from disclosure by statute or decisional authority or agreed upon by the parties

27  or ordered by the Court:

28         1.       The names, street addresses, Social Security numbers, tax identification

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

numbers, and other personal identifying information of patients, health care providers, and

individuals in clinical studies or adverse event reports.  Other general identifying information,

however, such as patient or health provider numbers, shall not be redacted unless required by

state or federal law.  To the extent Plaintiff's name is contained in any of these documents, such

documents will be identified (for example, by Bates number) and/or produced directly to counsel

for Plaintiff without such redactions.

    2.  The Social Security numbers, tax identification numbers and other personal

identifying information of employees in any records.

  B.  Confidential Discovery Material that is produced pursuant to a valid Document

Request, Deposition Notice or Subpoena shall be produced in its entirety with no internal

redaction predicated on a claim or contention that a portion of the document is "irrelevant" or

"non-responsive" except for redactions that were made prior to August 15, 2014 on Confidential

Discovery Material that was previously produced by one or more Defendants in multidistrict

litigation and/or coordinated proceedings involving Levaquin.

Producing Party may redact any portion of any document, regardless of whether that document is

designated Confidential Discovery Material, that the Producing Party asserts is covered by the

attorney client privilege, work product doctrine or is required to be redacted pursuant to federal or

state statute (e.g., the Health Insurance Portability and Accountability Act of 1996 ("HIPPA")).

Any such redaction is subject to the provisions of Paragraph IV, *infra*.

  C.  No Party may withhold information from discovery on the ground that it requires

protection greater than that afforded by this Order unless the party moves for an Order providing

such special protection.

  D.  To the extent that the Producing Party redacts material or information in the

produced documents or portions thereof, it shall black out every redaction to indicate where the

redaction begins and ends.

  E.  Pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 20.63(f), the names of any person or

persons reporting adverse experiences of patients and the names of any patients that are not

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1    redacted shall be treated as confidential, regardless of whether the document containing such

2    names is designated as Confidential Discovery Material.

3         F.    Notwithstanding any of the foregoing provisions, nothing contained herein shall be

4    construed as a waiver of a Party's ability to challenge such redactions and require the Producing

5    Party to seek a protective order nor restrict a Party's right to otherwise seek protection from the

6    Court concerning any such request.  The Parties shall meet and confer before engaging in any

7    motion practice with respect to this paragraph.  The burden as to the propriety of any redaction

8    remains on the Producing Party at all times.

9    **IV.    PRIVILEGE LOG**

10        For any document or portion of document the Producing Party designates as subject to a

11   claim of privilege, immunity or work-product protection that is responsive to a discovery request,

12   the Producing Party shall supply a Privilege Log.  The Privilege Log shall be supplied within

13   thirty (30) days after the date upon which the documents were required to be produced or were

14   partially produced. If documents are produced on a rolling basis, a corresponding privilege log for

15   all redactions or withheld documents shall be produced within thirty (30) days of the production

16   of documents from each wave. The Privilege Log shall be produced in a manner that is set forth

17   in the attached Exhibit B ("Privilege Log").

18   **V.     PERSONS TO WHOM CONFIDENTIAL DISCOVERY MATERIAL MAY BE**

19   **DISCLOSED**

20        A.    Except with the prior written consent of the party or other person originally

21   producing Confidential Discovery Material, or as herein provided under this Order, no

22   Confidential Discovery Material, or portions thereof, may be disclosed to any person except as set

23   forth below.

24        B.    Any person having knowledge of Confidential Discovery Material by virtue of

25   participation in this proceeding, or by virtue of obtaining documents or other Confidential

26   Discovery Material produced or disclosed under this Protective Order, shall use the Confidential

27   Discovery Material only as permitted by this Protective Order.  Counsel shall take all reasonable

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -                CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1   and necessary steps to assure the security of any Confidential Discovery Material and will limit

2   access to Confidential Discovery Material to those persons authorized by this Protective Order.

3        C.     The documents and information provided by the Producing Party and designated

4   as confidential shall be revealed to and used by[3]: (1) the Parties to this litigation (including

5   partners, directors, officers, and employees of Parties); (2) counsel to the Parties who have

6   entered appearances in this litigation, members of their firms, associate attorneys, contract

7   attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and

8   service vendors of such counsel (including outside copying services, and outside litigation

9   support services such as translators and discovery vendors; (3) independent consultants and/or

10   experts, employed and/or formally retained to advise or to assist counsel in the preparation and/or

11   trial of this litigation; (4) the Court and its respective staff and administrative personnel; Court

12   reporters, stenographers and videographers employed to take depositions; and, any essential

13   personnel retained by the Court; (5) persons working in connection with this litigation under the

14   direct supervision of persons described above in (1)-(4), but only to the extent necessary to

15   perform their work in connection with this litigation; (6) persons who authored the Confidential

16   Discovery Material or who received such Confidential Discovery Material in the ordinary course

17   of business; (7) persons noticed for depositions or designated as trial witnesses and their

18   attorneys, or those counsel of record who in good faith expect to testify at deposition or trial, to

19   the extent reasonably necessary in preparing to testify; (8) and plaintiff's treating physicians..

20   The Parties agree that the documents designated as Confidential may be revealed to additional

21   persons, including parties and/or in-house counsel, by agreement, which shall not be

22   unreasonably withheld.  Under no circumstances shall any of the above eight (8) categories of

23   persons disclose such Confidential Discovery Material to the press or media absent further Order

24   of the Court.

25

26

---

27   [3] The agreement to make Confidential Discovery Material available to the eight (8) categories of persons identified in Paragraph V(C) is made without prejudice to the Parties' right to seek the Court's intervention at a later date to amend the scope of these categories.

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

D.      In no event shall any disclosure of Confidential Discovery Material be made to current attorneys, principals, directors, officers, or employees of any corporate parents, subsidiaries, or affiliates that are competitors of a Party, irrespective of whether they are retained as an expert or consultant for a party.

E.      Each person as defined in V(C)(3) and V(C)(5) through (8) who reviews or inspects Confidential Discovery Material subject to this Protective Order shall be brought within the personal jurisdiction of this Court, including the contempt power, by signing a copy of the attached Acknowledgement signifying agreement to the provisions of this Protective Order and consenting to the jurisdiction of this Court over his/her person for any proceedings involving alleged improper disclosure of said protected documents or information.

Plaintiff's Counsel shall not disclose or provide Confidential Discovery Material to any third party who refuses to execute an Acknowledgement.  Once Plaintiff's counsel learns of a third party's refusal to execute an Acknowledgement, counsel shall so notify counsel for the Producing Party immediately, if the third party has been noticed or otherwise scheduled for deposition.

If the third party articulates his/her refusal to execute an Acknowledgement at the scheduled deposition, the third party shall be requested to state on the record the reason(s) for his/her refusal, and affirm, under oath, that s/he will not discuss or disclose to others the content, sum or substance of any Confidential Discovery Material utilized during the deposition.  After the witness has so affirmed, Confidential Discovery Material may be shown to the witness during the course of the deposition.  Under no circumstance, however, shall Plaintiff's counsel provide copies of any Confidential Discovery Material to any third party who refuses or has failed to execute an Acknowledgement.

F.      With the exception of persons set forth in Paragraphs V(C)(1), V(C)(2) and V(C)(4) above and 4(G) below, no person entitled to access to Confidential Discovery Material under this Protective Order shall be provided with the protected documents or information unless each such individual has first read the Protective Order of this Court and completed and signed the Acknowledgement attached as Exhibit A.  No person entitled to access to protected

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -                    CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

documents or information shall disclose or discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein.  The information provided by this Protective Order shall be used for the sole purpose of the preparation for this case, and shall not be used for any other purpose or for any other legal action except as provided by this Protective Order.

G.      Persons who come into contact with Confidential Discovery Material for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Acknowledgements but must comply with the terms of this Order.

H.      The signed Acknowledgements are strictly confidential except as stated below.

I.       Each Party's counsel shall maintain all executed Acknowledgements of all persons who inspect or review confidential documents obtained from another party before trial of this matter or who receives any copies of such Confidential Discovery Material.  Each Party will produce a copy of the executed Exhibit A for each of its testifying experts along with that expert's report.  With the exception of the testifying expert provision discussed in this section, the parties expressly agree, and it is hereby Ordered that except in the event of a violation of this Order, the Parties will make no attempt to seek copies of the signed Acknowledgements or to determine the identities of the persons signing them.  If the Court finds that any disclosure is necessary to investigate a violation of this Order, such disclosure will be made under a separate court order.

J.       The terms of this Order do not apply to any publicly available information or documents.  This provision in no way alters or expands the terms of Paragraph V(C) of this Protective Order identifying the persons to whom Confidential Discovery Material has been revealed.

K.      In the event that the Producing Party designates as Confidential Discovery Material documents or information of which the Receiving Party has previously obtained copies or learned without an ostensible obligation of confidentiality, nothing in this Order shall preclude disclosure of said documents or information by the Receiving Party.  However, the Producing Party shall retain the right to challenge the disclosure of such documents or information pursuant to the provisions and procedures of Paragraph XI below, on the grounds that such documents or

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -                                    CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1  information were inadvertently produced in prior proceeding[s] without an appropriate

2  confidentiality designation.

3        L.      Nothing herein shall restrict a person qualified to receive Confidential Discovery

4  Material under this Protective Order from making working copies, abstracts, digests, and analyses

5  of such information for use in connection with this proceeding and such working copies,

6  abstracts, digests, and analyses shall be deemed to have the same level of protection under the

7  terms of this Protective Order.  A qualified recipient shall at all times keep secure all notes,

8  abstracts, or other work product derived from or containing Confidential Discovery Material,

9  shall be obliged to maintain the confidentiality of such work product, and shall not disclose or

10  reveal the contents of said notes, abstractions or other work product after the documents,

11  materials, or other things, or portions thereof (and the information contained therein) and

12  information are returned or destroyed.  Nothing in this Protective Order requires the Receiving

13  Party's counsel to disclose work product at the conclusion of this litigation.

14        M.     Any non-party who is producing Discovery Materials in this litigation may agree

15  to and obtain the benefit of the terms and protections of this Order by designating "Confidential"

16  those discovery materials that the non-party is producing which are properly confidential under

17  applicable law.

18  **VI.**     **APPLICATION TO THE COURT**

19        A.     Nothing herein shall be construed to preclude or limit any Party from opposing any

20  discovery on any ground which would otherwise be available.  Nothing in this Protective Order

21  shall be deemed to preclude any Party from seeking or obtaining, on the appropriate showing,

22  additional protection with respect to the confidentiality of documents or information.  Nothing in

23  this Protective Order shall preclude any Party from seeking or obtaining, on the appropriate

24  showing, an order lifting the protection granted in this Protective Order with respect to the

25  confidentiality of documents or information.

26        B.     It shall be the burden of the Party seeking to prevent disclosure to demonstrate

27  good cause for prohibiting disclosure.

28  **VII.**    **VIOLATION OF PROTECTIVE ORDER**

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1   A violation by any person of any provision of this Protective Order may be punishable as

2   determined by the Court.

3   **VIII.    JURISDICTION OF COURT**

4   This Court retains jurisdiction over the parties, counsel for the parties, and all persons,

5   firms, corporations, or organizations, whomsoever, to whom this Protective Order applies, for

6   purposes of enforcement of this Protective Order both during and following the conclusion of this

7   action.

8   / / /

9   **IX.    CHALLENGE TO CONFIDENTIALITY DESIGNATIONS OR REDACTIONS**

10  A.    If a Party elects to challenge any designation or re-designation of the

11  confidentiality of any documents, information or redactions pursuant to this Protective Order, the

12  Receiving Party shall provide the Producing Party written notice of the dispute, specifying by

13  exact Bates number(s) the Confidential Discovery Material in dispute and afford the Producing

14  Party the opportunity to voluntarily remove such designation or redaction.  The Producing Party

15  shall, within twenty (20) days of the receipt of such notice, either voluntarily remove the

16  designation or file a written motion with the Court that identifies the challenged material and sets

17  forth in detail the basis for the confidential designation or redaction.  The confidentiality of

18  challenged documents, information, or the legitimacy of any redaction shall remain protected

19  until the Court shall order otherwise.  Notification of any such dispute does not in any way

20  suspend the operation of this Order.

21  B.    The interested parties shall attempt to resolve any such challenges by agreement

22  prior to the time for filing of the motion required pursuant to Paragraph X(A). If the challenge is

23  resolved by agreement, or by voluntary removal, or if no motion is filed within thirty (30) days of

24  the receipt of written notice of challenge, then within thirty (30) days of the agreement or of the

25  challenging Party's notice of the dispute if there is no agreement, the Producing Party shall

26  remove the Confidential legend or redaction stamp and shall provide documents without the

27  Confidentiality legend or stamp to the Receiving Party and Confidentiality shall not thereafter

28  apply to such documents or information.  If the Court orders production of Confidential

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1  Discovery Material or redacted material, then the confidential legend or redaction and reason

2  therefore shall be removed by the Producing Party within thirty (30) days of entry of the Court's

3  order and all documents without the confidentiality legend or redaction will be produced to the

4  Receiving Party.  Confidentiality shall not thereafter apply to such documents or information.

5        1.      All documents, testimony, or other materials designated by the Producing

6  Party as confidential shall retain their confidential status during the pendency of any proceeding

7  challenging confidentiality initiated by a Party until such time as the contentions initiated by a

8  Party regarding confidentiality of documents and materials so designated are fully and finally

9  adjudicated, including such appeals as may be sought.

10       2.      Neither this Protective Order nor the designation of any item as

11 Confidential Discovery Material shall be construed as an admission that such material or any

12 testimony in respect to such material in a deposition or otherwise would be admissible in

13 evidence in this litigation or in any other proceeding.  In addition, this Protective Order does not,

14 of itself, require the production of any information or document.

15    C.     The burdens of both proof and persuasion in any such challenge proceeding shall

16 be on the Producing Party.

17 **X.     THIRD PARTY REQUEST FOR CONFIDENTIAL DISCOVERY MATERIAL**

18    A.     If Confidential Discovery Material in the possession of a Receiving Party are

19 subpoenaed or requested by any court, administrative or legislative body, or any other person or

20 organization purporting to have authority to subpoena or request such data or information, the

21 Party to whom the subpoena or request is directed shall not, to the extent permitted by applicable

22 law, provide or otherwise disclose such documents or information without waiting ten (10)

23 business days after first notifying counsel for the Producing Party in writing of: (1) the

24 information and documentation which is requested for production in the subpoena or request; (2)

25 the date on which compliance with the subpoena or request is sought; (3) the location at which

26 compliance with the subpoena or request is sought; (4) the identity of the party serving the

27 subpoena or making the request; and (5) the case name, jurisdiction, and index, docket,

28 complaint, charge, civil action, or other identification number or designation identifying the

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -          CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

litigation, administrative proceeding, or other proceeding in which the subpoena or request has been issued.

B.      Upon receiving a subpoena or request by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena or request such data or information, the original Producing Party shall bear the burden and all costs of opposing production, if it deems it appropriate to do so.

/ / /

## XI.      <u>INADVERTENT OR UNINTENTIONAL DISCLOSURE</u>

A.      Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the production or disclosure of any discovery material made in connection with this action that a Party claims was inadvertent and should not have been produced or disclosed based on privacy, attorney-client and/or work-product privilege, or HIPAA ("Inadvertently Produced Material") will not be deemed to be a waiver in whole or in part of privacy, privilege, HIPAA, or any other protections to which the Party would have been entitled had the affected material not inadvertently been disclosed.  In the event of a claimed inadvertent production or disclosure, the following procedures shall be followed:

1.      The Producing Party shall notify the Receiving Party in writing within twenty-five (25) days from the discovery of the inadvertent production by specifically identifying the affected material;

2.      If the Producing Party requests the return of any Inadvertently Produced Material, those to whom the request is made shall return to the Producing Party immediately all copies of the affected material within their possession, custody, or control—including all copies in the possession of experts, consultants, or others to whom the affected material was provided;

3.      All notes or other work product of the Receiving Party reflecting the contents of the Inadvertently Produced Material shall be destroyed, and the returned or destroyed material shall be deleted from any litigation-support or other database;

4.      If, after being notified of the inadvertent disclosure, and the Receiving Party disputes the claim of privilege, such dispute must be made in writing within twenty-five (25)

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -                    CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

days of the notification of inadvertent disclosure.  The Receiving Party must promptly return, sequester, or destroy any copies of the Inadvertently Produced Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), as well as any notes or other work product of the Receiving Party reflecting the contents of such materials, and may promptly present the information, including the Inadvertently Produced Material, to the court under seal for a determination of the claim of privilege.

5.      Pending resolution of the matter by the court, no use or disclosure shall be made of the Inadvertently Produced Material for any purpose, including, but not limited to, during depositions or at trial;

6.      If the court determines that the Inadvertently Produced Material is privileged, the Receiving Party shall promptly comply with the immediately preceding provisions of this paragraph or such other directives as may be issued by the court. If the court determines that the Inadvertently Produced Material is not privileged, the material is to be immediately returned to the Receiving Party; and

7.      Where the privilege or privacy at issue may be protected by redacting that information, the Producing Party shall provide redacted discovery material to replace the inadvertently disclosed documents within five (5) business days, or within a specified period otherwise agreed to by the Parties, after requesting the return of any such discovery.

## XII.     RETURN OR DESTRUCTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION

A.      Within 30 days after the conclusion of the case filed by the undersigned Plaintiffs' attorneys against the producing defendant, with the exceptions set forth below, the undersigned attorneys shall either return all the Confidential Discovery Material and all copies thereof (electronic, hard copy, or otherwise) to the Producing Party at a location selected by the Producing Party and at the Receiving Party's attorneys' expense, or produce an certification of compliance executed by the undersigned Receiving Party's attorneys indicating that all of the documents from the Producing Party and all copies thereof (electronic, hard copy, or otherwise) have been destroyed or will be destroyed within a reasonable time.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -                          CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

B. Counsel for the Receiving Party may retain their privileged communications, work product, and Acknowledgements pursuant to this Protective Order, materials required to be retained by applicable law, and all Confidential Discovery Material filed with the Court even though they contain discovery materials produced by the Producing Party, but such retained, privileged communications and work product shall remain subject to the terms of this Protective Order. Counsel for the Receiving Party shall also not be required to return or destroy any pretrial or trial records as are regularly maintained by that counsel in the ordinary course of business, which includes: (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits and other papers filed in this action; and (ii) one set of transcripts of all testimony taken at any depositions, hearings or trial with exhibits used therein. Any such materials that are not returned or destroyed shall remain subject to this Order, and the Court shall retain jurisdiction to ensure that the terms hereof are not violated.

## XIII.   MISCELLANEOUS PROVISIONS

A. Nothing in this Order shall prevent any Party or other person from seeking modification of this Order or from objecting to a confidentiality designation or redaction that it believes to be otherwise improper.

B. Nothing in this Order shall prevent a Party from any use of its own documents and information.

C. Nothing shall prevent disclosure beyond that limited by this Order if the Producing Party consents in writing to such disclosure.

D. This Protective Order remains in full force and effect and governs the use of Confidential documents and information until amended or superseded by express order of the Court or by written stipulation of the parties that is approved by the Court and shall survive and remain in effect after the conclusion of this litigation.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -   CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1

2

Dated:  January 6, 2015

3

4

By:  /s/ Thomas Sims
Thomas Sims
**BARON & BUDD, P.C.**
Attorneys for Plaintiff KARYN JOY GROSSMAN

5

6

7

Dated:  January 6, 2015

8

9

By:  /s/ Sarah E. Johnston
Alexander G. Calfo
Sarah E. Johnston
**BARNES & THORNBURG LLP**

10

11

James F. Murdica
**PATTERSON BELKNAP WEBB & TYLER LLP**

12

13

Attorneys for Defendants
JOHNSON & JOHNSON; JANSSEN RESEARCH & DEVELOPMENT, LLC JANSSEN PHARMACEUTICALS, INC.; and MCKESSON CORPORATION

14

15

16

17

18

19

### Attestation Pursuant to Civil Local Rule 5-1(i)

20

Pursuant to Civil Local Rule 5-1(i), I, Sarah E. Johnston, hereby attest that I have obtained concurrence in the filing of this document from the other signatory to this document.

21

22

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct. Executed on January 6, 2015 at Los Angeles, California.

23

24

/s/ Sarah E. Johnston
Sarah E. Johnston

25

26

27

28

1    ~~(PROPOSED)~~ ORDER AS MODIFIED

2          Upon consideration of the above STIPULATION AND (PROPOSED) PROTECTIVE

3    ORDER submitted by the Parties, and for good cause shown therein, the Stipulation and

4    Protective Order is adopted as the Order of this Court.

5

6

7    IT IS SO ORDERED.

8    Dated: January 8, 2015

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:14-CV-03557-VC

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1

**PROOF OF SERVICE**

2

I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2029 Century Park East, Suite 300, Los Angeles, California  90067.  On October ___, 2014, I served a copy of the within document(s):

3

4

5

..     BY UNITED STATES MAIL by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

6

7

..     BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier

8

9

10

11

..     BY PERSONAL SERVICE I caused the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

12

in a sealed envelope, postage fully paid, addressed as follows:

13

SEE ATTACHED SERVICE LIST

14

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

19

Executed on October ___, 2014, at Los Angeles, California.

20

21

_____

22

Brigette S. Price

23

24

25

26

27

28

Barnes &
Thornburg LLP
Attorneys At Law
Los Angeles

1

1                         SERVICE LIST